UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NATIONAL CREDIT UNION ADMIN. BD.,** ) <br> **acting in its capacity as Liquidating Agent** ) <br> **for St. Paul Croatian Federal Credit Union,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **LJILJANA STEFANAC, et al.,** ) <br> ) <br> **Defendants.** ) | **CASE NO. 1:16 CV 959** <br><br> **JUDGE DAN AARON POLSTER** <br><br> **OPINION AND ORDER** |

This case is before the Court on Defendants' Motion to Dismiss First Amended Complaint ("Motion" or "Motion to Dismiss"). (**Doc #: 9**.) The Court has reviewed the Motion, the Liquidating Agent's Brief in Opposition (Doc #: 10), and the Reply (Doc #: 11). For the following reasons, the Motion is **DENIED**.

**I.**

The First Amended Complaint ("Complaint") is brought by Plaintiff National Credit Union Administration Board, the Liquidating Agent for the St. Paul Croatian Federal Credit Union ("St. Paul").[1] (Doc #: 6.) The Complaint alleges claims for breach of contract, unjust enrichment, and accountings against the Defendant Stefanac sisters (Ljiljana ("Lily"), Kristina,

---

[1] The Complaint alleges that on or about April 30, 2010, the National Credit Union Administration placed St. Paul into involuntary liquidation and appointed itself as St. Paul's liquidating agent pursuant to 12 U.S.C. § 1787(a)(1)(A). (Comp. ¶ 3.)

and Mary) (collectively, "the Stefanacs" or "the sisters") and P.S. Tire for failure to repay loans allegedly dating back to September 2005, which loans were used to pay real estate taxes and medical school tuition(s) along with P.S. Tire's business operations.

More specifically, the Complaint alleges that prior to his death in 2004, the Stefanac sister's father formed, owned and operated P.S. Tire, along with properties located at 35745 Grovewood Avenue, Eastlake, Ohio ("Grovewood Property"), 2840 Orchard Drive, Willoughby Hills, Ohio 44092 ("Orchard Property"), and 866 W. 200th St., Cleveland, Ohio ("200th St. Property"). (Comp. ¶ 17.) Following his death, the sisters were each entitled to 1/3 of these properties, including his 100% ownership interest in P.S. Tire. (Id.)

On or about September 30, 2005, the sisters, who maintained a Joint Account (No. 71270) at St. Paul, obtained a loan for which they executed a Balloon Note in the amount of $220,000 – separately identified in the Joint Account as No. 71270-50. (Id. ¶¶ 20, 21.) Under the terms of the Note, the Stefanacs were to repay all amounts due plus interest in the amount of 6.5% per annum until paid in full no later than September 30, 2010. (Id. ¶ 22.) The sisters executed and delivered to St. Paul a Mortgage securing the $220,000 with a lien against the Orchard Property which at the time was owned in 3 equal shares by the sisters. (Id. ¶ 23.) Apparently, the Mortgage has remained a lien on the Orchard Property at all times since its recording on January 4, 2006. (Id. ¶ 24.)

In November 2009, Mary and Kristina Stefanac decided they no longer wanted to maintain their interest in P.S. Tire, the Grovewood Property, and the 200th St. Property. (Comp. ¶ 25.) However, Kristina wanted full ownership of the Orchard Property, while Lily wanted 100% ownership of the Grovewood Property, the 200th St. Property and P.S. Tire. (Id.)

Accordingly, the sisters entered into a Business Agreement pursuant to which Lily was to repay the Balloon Note (a $132,546.61 balance at that time) and to pay Mary $20,453.49 for relinquishing her interest in the properties, Kristina was to assume full ownership of the Orchard Property, and Lily was to assume full ownership of P.S. Tire, the Grovewood Property and the 200th St. Property. (Id.) St. Paul was not a party to the Business Agreement. (Id. ¶ 27.)

To accomplish this, Lily agreed to establish a new account at St. Paul in her own name, which she did on November 30, 2009 (No. 71290), and to execute a new promissory note and mortgages securing the debt with the Grovewood Property and the 200th St. Property. (Comp. ¶ 32.) At that time, the balance of the Joint Account ($132,546.61) was shifted to Lily's new loan account, and added to that amount was the $20,453.49 Lily apparently used to pay off Mary – totalling the $153,000 principal balance loaned to Lily by St. Paul at 7% interest with the payoff to occur on November 30, 2014. (Id. ¶ 42.)

As best the Court can guess, Lily has failed to pay back the $153,000 loan, and the Liquidating Agent is trying to collect the current loan balance of $124, 917 plus interest from Lily, her sisters and/or P.S. Tire – or via foreclosure on one or more of the three properties. The problem for the Defendants is that (1) the Liquidating Agent's records do not reflect that the Balloon Note was ever satisfied or that the Mortgage was ever released; (2) the check to Lily for $153,000 was never endorsed by Lily when she deposited it in her new St. Paul account, and (3) Lily claims that she executed a promissory note and mortgages on the Grovewood Property and the 200th Street Property to secure the $153,000 loan. The problem for the Liquidating Agent is that (1) its records do not indicate that Lily executed a promissory note and mortgages on the Grovewood Property and 200th St. Property to secure her loan; (2) the Liquidating Agent

admits that the loan was originated to effect Lily's buyout of her sisters and that its records reflect that the Joint Account loan was paid with a check that was payable to St. Paul or Lily; (3) the only document executed by Lily in connection with her loan was a Loan and Security Agreement and Disclosure Statement indicating the amount financed was $153,000 at 7.0% interest, with payoff to occur on November 30, 2014; and (4) the Disclosure Statement reflects that the loan was to be secured, not by new mortgages, but rather by a pledge of shares in Account No. 5550020 – an account unrelated to the Stefanacs and which shares, if any existed, were not properly pledged to secure Lily's loan or to provide sufficient consideration to satisfy and discharge the Mortgage with respect to the Balloon Note.

By Motion, Defendants ask the Court to dismiss the Complaint for the Liquidating Agent's failure to provide a copy of Lily's loan agreement in writing per Ohio Revised Code 1335.02. Defendants contend that the Liquidating Agent is attempting to foreclose on a loan for which there is no documentation by foreclosing on a loan that has been satisfied.

The Liquidating Agent argues that its claims arise under the laws of the Federal Credit Union Act, 12 U.S.C. §§ 1751, *et seq*. and O.R.C. 1335.02 is pre-empted by federal law to the extent it hinders the Liquidating Agent's rights and obligations; the Agent is suing Defendants for unjust enrichment and action on accounts, in addition to breach of contract; the books and records of a liquidated federally insured financial institution are presumed accurate; and the sisters' debt is memorialized in a written promissory note.

## II.

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-

moving party. *See Shoup v. Doyle*, 974 F.Supp.2d 1058, 1071 (S.D. Ohio 2013) (citing *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 538 (6th Cir. 2012). A court need not, however, credit bald assertions, legal conclusions, or unwarranted inferences. *Kavanagh v. Zwilling*, 578 Fed.Appx. 24 (2nd Cir. Sep. 17, 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," and not merely "conceivable." *Twombly*, 550 U.S. at 570. The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Id*. at 555. Although Rule 12(b)(6) does not impose a probability requirement at the pleading stage, a plaintiff must present enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotation marks omitted). Simply reciting the elements of a cause of action do not suffice. *Iqbal*, 556 U.S. at 678.

**III.**

The Court finds that the complaint states enough facts to state a claim for relief that is plausible on its face. The parties do not dispute that there is a loan balance of $124, 917 plus interest due and owing to St. Paul's Liquidating Agent. Whether it is due and owing from Lily or her sisters under a theory of unjust enrichment or breach of contract, or whether satisfaction of that balance may require foreclosure on one or more of the three properties or business remains to be decided. That the Liquidating Agent has not provided a copy of Lily's loan agreement is

//

//

simply not a basis for dismissing the Complaint at this time. Accordingly, the Motion (Doc #: 9) is hereby **DENIED**.

      **IT IS SO ORDERED.**

                                      */s/ Dan A. Polster     September 1, 2016*
                                       **Dan Aaron Polster**
                                       **United States District Judge**